UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

REGINALD PIERRE,

Plaintiff,

-against-                                                                          26-cv-3167 (LAK)

MARLON H. GUZMAN REINOSO, et ano.,

Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-24-26

## ORDER

LEWIS A. KAPLAN, *District Judge.*

Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1332 and 1441. The notice of removal fails adequately to allege the existence of subject matter jurisdiction because, perhaps among other things, it fails adequately to allege:

☑ The citizenship of one or more natural persons. *See, e.g., Sun Printing & Publishing Ass'n v. Edwards,* 194 U.S. 377 (1904); *Leveraged Leasing Administration Corp.v. PacifiCorp Capital, Inc.,* 87 F.3d 44 (2d Cir. 1996).

☐ The citizenship of one or more corporations. *See* 28 U.S.C. § 1332(c)(1).

☐ The citizenship of one or more partnerships. *See Carden v. Arkoma Assocs.,* 494 U.S. 195 (1990).

☐ The exact nature and citizenship of one or more alleged limited liability companies. *See Handlesman v. Bedford Village Green Assocs. L.P.,* 213 F.3d 48, 52 (2d Cir. 2000).

Absent the filing, on or before May 2, 2026 of an amended notice of removal adequately alleging the existence of subject matter jurisdiction, this action will be remanded for lack of subject matter jurisdiction.

SO ORDERED.

Dated:          April 24, 2026

Lewis A. Kaplan
United States District Judge