USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-5-26

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------x
REGINALD PIERRE,

                          Plaintiff,

              -against-                                          26-cv-3167 (LAK)


MARLON H. GUZMAN REINOSO, et ano.,

                          Defendants.
-------------------------------------------x

## ORDER

LEWIS A. KAPLAN, *District Judge.*

       This motor vehicle accident case was commenced in New York Supreme Court, Bronx County, and purportedly removed to this Court on the basis of diversity of citizenship. the notice of removal alleges the residence and domicile of the plaintiff and the individual defendant but does not address the question whether they are of diverse citizenship. Accordingly, the Court noted the failure to allege the citizenship of the individuals and stated that the action would be remanded unless an amended notice of removal were filed adequately establishing diversity of citizenship.

       In due course, defendants filed an amended notice of and petition for removal. The amended petition doubles down on the claim that the two individuals are domiciled in different states and then asserts that the allegations of domicile are dispositive of citizenship. They cite *Palazzo v. Corio,* 232 F.3d 38, 42 (2d Cir. 2000), for the proposition that "[a]n individual's citizenship, within the meaning of the diversity statute, is determined by his domicile." And, on the assumption that the individual in question is a citizen of the United States, that of course is correct. Regrettably, however, is not the point.

       There is no allegation that either of the individual parties is a citizen of the United States. "[R]esidence, especially of an alien, does not make one a citizen of a state for diversity purposes. Indeed, only 'an alien admitted to the United States for permanent residence' may be deemed a citizen of a state and even then the state of which the alien is a citizen is that of the alien's domicile, not mere residence." *Krause v. Forex Exchange Market, Inc.,* 356 F. Supp.2d 332, 337 (S.D.N.Y. 2005) (footnotes omitted. As one leading treatise states, except in narrow circumstances apparently not present here, "each party must be a citizen of a state as well as a citizen of the United States" in order for diversity jurisdiction to exist. 13E Charles Allan Wright and Arthur R. Miller, *Federal Practice and Procedure: Jurisdiction and Related Matters* § 3602 (3d ed.).

       Accordingly, the amended papers in support of removal do not adequately allege the existence of subject matter jurisdiction. The action is remanded to the court from which it was removed.

       SO ORDERED.

Dated:      May 5, 2026

                                             Lewis A. Kaplan
                                    United States District Judge